John Fanning, Administrator, Appellee, v. City of Chicago, Appellant.

Gen. No. 20,292.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by John Fanning, administrator of the estate of James Fanning, deceased, plaintiff, against the city of Chicago, defendant, in the Superior Court of Cook county. From a judgment for plaintiff for $5,000, defendant appeals.

The action was to recover for death of plaintiff's intestate in an accident which occurred on the afternoon of August 11, 1910, in a public alley in the rear of the premises at Nos. 1315-45 West Twenty-first place in Chicago. The Eagle Tank Company, which employed deceased as a teamster, had a place of business at the address named, and was originally a defendant to the action, which was dismissed, as to it, during the trial.

In the first count of the declaration, to which there was a plea of the general issue, it was alleged in substance, *inter alia*, that on August 11, 1910, said Eagle Tank Company was operating a tank manufacturing establishment at the address named, which premises "adjoined and abutted upon a certain public highway * * * which said public highway was known as a public alley," located between Twenty-first place and Twenty-first street, and extending in an easterly and westerly direction; that defendant negligently permitted said alley to be and remain in a dangerous and obstructed condition in that certain steam pipes were permitted to extend across said alley at a height of about

ten feet above the surface, from and connected with the premises of said Eagle Tank Company; that said pipes were an obstruction, and rendered the use of the alley by the public dangerous, all of which, at the time of the accident, defendant knew or in the exercise of reasonable care should have known. The count further alleged, in substance, that deceased was employed by said Eagle Tank Company prior to and at the time of death, as a teamster, and as such it was his duty to drive through said alley in entering and leaving the premises of said Eagle Tank Company; that on the day of the accident, deceased, in the discharge of his duties and in the exercise of reasonable care, was unavoidably struck by said pipes with great force, and knocked off the wagon he was driving, falling to the ground and receiving injuries which on the same day caused the death sued for. It was also alleged that deceased left a widow and next of kin, and that plaintiff served notice on October 4, 1910, as required by statute.

No witness saw the accident. A witness named Van Cleave, an engineer in a factory near by, testified, in substance, that he saw the deceased mounting his wagon just prior to the accident, and saw him again just as he fell to the ground. The wagon was loaded with wood and metal, the wood being staves about sixteen feet long, and there was also a conical top of a tank and an iron ladder. Witness was sitting reading a paper when the accident happened. Deceased, according to the witness, climbed on his wagon over the front wheel and *right at the front end of the load,* and in a standing position, the team standing still. The next thing the witness saw was deceased in the act of falling off the back corner of the wagon, over the left hind wheel, his body being nearly to the ground. The wagon was then still going, just passing the corner of the building and just past the pipes. Deceased fell on the left side of the wagon, which would be the north

side, between the wagon and the tank company's building. Witness saw some of the conical top fall from the right-hand side just as the wagon made the turn. He went to deceased's assistance, and found his body about three or four feet *east of the pipes,* and testified that it "seemed like the front part of his body or head struck the ground. It was as if he was diving in the water." He also testified that when the wagon was standing still and he saw deceased climbing on the wagon, "the horses' heads could not have been more than eight feet west of the pipes"; that one of the horses had a nervous disposition; and "couldn't stand very good"; that deceased was six feet or more tall, and "a good horseman and an ordinarily careful man"; and that the load was about eight inches higher than the stakes.

One Walsh, a witness for plaintiff, testified as to certain experiments he made the following day, the result of which was that he found that when he stood on a lumber wagon with a load of tank lumber several inches above the stakes, the pipes crossed him "right at the shoulders," and that when he sat on top of the load, the pipes were about eighteen inches above his head.

One Olsen, president of the tank company, testified that the alley was a "public alley"; that deceased had been employed by the company about a year, driving wagons, loaded with lumber and other materials for making tanks, through the alley and under the pipes; that the pipes were one-inch pipes, about thirteen feet from the ground, and had been there since January, 1909, when his company took possession of the premises. Witness further testified that the load of deceased's wagon at the time of the accident was lumber of different lengths, prepared to be put together to form a tank, the lumber consisting of bottoms and staves dressed on a circular shape so they did not lie flat; that the load when on the wagon was between

eight and nine feet from the ground, and there was no chain around the load. Further, that the accident happened on a clear day and that deceased "was a careful man."

The court admitted, over the defendant's objection, the verdict of the coroner's jury, part of which was that "the jury are of opinion that," in effect, the accident was caused by deceased being knocked off his wagon by the pipes in question, and also containing a recommendation that there be an investigation as to the ownership of the pipes, and that they be moved to such a height that wagons, either loaded or empty, may pass under them with safety.

The only evidence offered by defendant was certain portions of Van Cleave's testimony before the coroner's jury. Defendant also offered to prove that it was customary when such a load as deceased was driving was to be hauled more than four miles, to fasten it on with a chain, or other device, but on objection by plaintiff, the evidence was excluded. Motions made by defendant at the close of plaintiff's evidence and at the close of all the evidence for a peremptory instruction in favor of defendant were denied. On request of defendant the court instructed the jury to disregard the portion of the coroner's verdict quoted, and not to consider it in making their verdict.

WILLIAM H. SEXTON, JOHN W. BECKWITH and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. Municipal corporations, § 974*—*when evidence sufficient to show that alley is public.* In an action against a city to recover for death alleged to be due to obstructions negligently permitted to remain in an alley, where the declaration alleges the alley to be a public alley, and where there is uncontradicted evidence supporting the allegation, *held* that the fact alleged was sufficiently proved, where the point was not raised in the trial court, and where the case was there tried, without objection, on the theory that the alley was public, although no evidence was offered to show an acceptance or dedication of the alley.

2. Negligence, § 196*—*when proximate cause a question of fact.* In an action to recover for death, although there may be two equally tenable theories as to what was the proximate cause of the accident causing the death sued for, one of which would excuse defendant, yet if there is evidence tending to show that defendant's negligence is such proximate cause, the question as to proximate cause is a question of fact for the jury, and their verdict is final.

3. Municipal corporations, § 1098*—*when evidence sufficient to show negligence in permitting obstruction of street.* In an action against a city to recover for death due to a fall from a high load, which fall was caused by deceased's striking steam pipes maintained across a public alley in which deceased was driving a team, evidence *held* to tend to show that the pipes were an obstruction, and that the city in permitting them to remain in the ·alley was negligent.

4. Negligence, § 156*—*when due care may be shown by circumstantial evidence.* In an action for death ·caused by deceased's being knocked off a high load by coming in contact with pipes which defendant negligently maintained in an alley where the accident occurred, where there was no direct evidence as to the care used by deceased other than that he was an ordinarily careful man, and a good horseman, *held* that the jury were warranted in finding deceased not guilty ˙of contributory negligence, although it appeared that at the time of the accident, deceased must have been standing on top of the load, which was loosely built up on a lumber wagon and not bound on with a chain or other device, for the reason that due care on the part of deceased may be shown as well by circumstances as by direct testimony, and may be inferred from deceased's habits, and what are known to be the instincts of self-preservation in persons possessed of their natural faculties and are ordinarily sober and careful of their safety.

5. Appeal and error, § 1622*—*when error in admitting evidence cured.* The verdict of a coroner's jury being competent evidence,

its admission was not error although a portion of it may be prejudicial to defendant, where the court, at the request of defendant, instructed the jury to disregard such prejudicial portion and not to consider it in making their verdict.

6. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless.* In an action to recover for death due to a fall from a high load, the admission of testimony of a witness who did not see the accident, but testified as to the conduct of the deceased prior to it and to what happened immediately after, as tending to show that deceased's fall was caused by being struck by pipes maintained by defendant across the alley where the accident occurred, *held* not prejudicial error.

7. APPEAL AND ERROR, § 1466*—*when admission of evidence as to experiments harmless.* In an action to recover for death due to a fall from a high load, the admission of testimony of a witness who did not see the accident, as to experiments made by him after the accident, as to whether one standing on a load similar to that on which deceased was standing at the time of the accident, and which tended to confirm the theory of the plaintiff that the accident was caused by deceased's being struck by the pipes, *held* not prejudicial error.